# United States Court of Appeals
## For the First Circuit

No. 26-1132

MATTHEW FLINDERS,

Plaintiff - Appellant,

v.

STATE BAR OF CALIFORNIA,

Defendant - Appellee.

Before

Rikelman, Aframe, and Dunlap,
Circuit Judges.

**JUDGMENT**

Entered: October 14, 2026

Plaintiff-appellant Matthew Flinders, an attorney proceeding pro se, appeals from the district court's decision dismissing his suit against the State Bar of California ("California Bar") without leave to amend.

We have reviewed the parties' arguments as well as the record below and affirm the district court's dismissal. The court "review[s] a dismissal for lack of subject[-]matter jurisdiction de novo, accepting the plaintiffs' well-pleaded facts as true and indulging all reasonable inferences to their behoof." Efreom v. McKee, 46 F.4th 9, 16 (1st Cir. 2022) ((internal quotation marks omitted) (quoting Davison v. Gov't of P.R-P.R. Firefighters Corps, 471 F.3d 220, 222 (1st Cir. 2006)), cert. denied 143 S. Ct. 576 (2023). But "[w]e are at liberty to affirm a district court's judgment on any ground made manifest by the record, whether or not that particular ground was raised below." United States v. George, 886 F.3d 31, 39 (1st Cir. 2018) (citing United States v. Zorrilla-Echevarría, 723 F.3d 298, 300 (1st Cir. 2013); Doe v. Anrig, 728 F.2d 30, 32 (1st Cir. 1984)).

In affirming, we bypass the questions related to statutory subject-matter jurisdiction and Eleventh-Amendment immunity and instead opt to resolve the case on the basis of personal jurisdiction. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 588 (1999); cf. Borrás-Borrero v. Corporación del Fondo del Seguro del Estado, 958 F.3d 26, 33 (1st Cir. 2020) (quoting Dávila v. Corporación de P.R. para la Difusión Pública, 498 F.3d 9, 14 (1st Cir. 2007)); Phimmady v.

Bondi, 128 F.4th 18, 22 (1st Cir. 2025) (citing Chun Mendez v. Garland, 96 F.4th 58, 65 (1st Cir. 2024)).

The only connection Flinders has made between the California Bar and the forum state is the fact that people in the forum state are able to access the Bar's website. See Kuan Chen v. U.S. Sports Acad., Inc., 956 F.3d 45, 59 (1st Cir. 2020) (to establish specific jurisdiction, "[f]irst, the plaintiff's claim must directly arise from or relate to the defendant's activities in the forum. Second, the defendant's forum-state contacts must represent a purposeful availment of the privilege of conducting activities in that state. Third, the exercise of specific jurisdiction in the forum must be reasonable under the circumstances." (internal quotation marks and citations omitted)). This, without more, cannot establish a sufficient connection between the California Bar and Massachusetts. See id. at 60 ("We have made pellucid that 'the mere availability' of a defendant's primarily informational website in a forum is insufficient, without more, to subject a defendant to jurisdiction there." (quoting A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 61 (1st Cir. 2016))). That there are some California Bar members residing in Massachusetts has no bearing on personal jurisdiction, and Flinders has presented nothing to suggest that the Bar receives any monetary benefit from Massachusetts applicants let alone a "significant monetary benefit." Although the California Bar might receive some business from Massachusetts residents, Flinders has not established that this business would be due to anything more than a "broad and generic degree of foreseeability," which "is insufficient, standing alone, to rise to the level of purposeful availment." Id. (citing Kloth v. S. Christian Univ., 320 F. App'x 113, 116 (3d Cir. 2008) (per curiam)). Accordingly, Flinders cannot meet his burden of establishing personal jurisdiction. See Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008).

Moreover, the venue is improper, warranting dismissal. See 28 U.S.C. § 1406(a) ("the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The California Bar does not reside in Massachusetts, see 28 U.S.C. § 1391(b)(1), "a substantial part of the events or omissions giving rise to" Flinders' claims did not occur in Massachusetts, id. at § 1391(b)(2), and venue would be proper in California and, even assuming it was not, the California Bar is not subject to personal jurisdiction in Massachusetts, id. at § 1391(b)(3).

The district court's judgment is **affirmed**.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Matthew Flinders
Adam Simms
Kirsten Galler
Raymond R. Rollan
Ellin Davtyan